# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

MICHAEL R. FURLOUGH
ADC #073407                                                                                          PLAINTIFF

V.                                     2:09CV00170 JMM/JTR

APRIL BRANDON, Sergeant,
East Arkansas Regional Unit                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the requested hearing before the

        United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Michael R. Furlough, a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355

## II. Discussion

Plaintiff alleges that Defendant Sergeant April Brandon violated his Fourteenth Amendment right to due process of law when she falsely charged him with a disciplinary for being under the influence of marijuana. *See* docket entry #2. Plaintiff explains that he was found guilty of that charge on October 3, 2009. *Id.* As a result, he was ordered to spend thirty days in punitive isolation. *Id.* Thereafter, he was transferred to another unit and assigned to administrative segregation for approximately nine months. *Id.* On June 29, 2009, Plaintiff's disciplinary conviction was reversed because Defendant Brandon did not properly process the paperwork regarding Plaintiff's drug testing. *Id.*

In order to prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff is not contending that Defendant Brandon deprived him of life or property, he must identify the liberty interest associated with his due process claim. *Id.* The United States Supreme Court has clarified that, in order for a disciplinary conviction to create a liberty interest capable of supporting a due process claim, the punishment must result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995).

The Eighth Circuit has held that placement in punitive isolation for relatively short intervals of time, and the temporary suspension of privileges while so confined, does *not* constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause.

---

U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

*See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo,* Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lockdown, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*.

Additionally, prisoners do not have a liberty interest in being housed in or transferred to a particular prison unit. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999). Thus, in connection with the disciplinary giving rise to his due process claim, Plaintiff has failed to identify a liberty interest capable of supporting that claim.

Finally, even if Plaintiff had identified a liberty interest, the Eighth Circuit has clarified that a violation of a prisoner's due process rights in connection with a wrongful disciplinary conviction is vindicated by the administrative reversal of the conviction. *Sanders v. Norris,* Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 action be DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith.

    Dated this 24th day of November, 2009.

                                              */s/ J. Thomas Ray*
                                       UNITED STATES MAGISTRATE JUDGE